IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **KENNETH JOSEPH BAUER,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-311-A |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.   PARTIES**

Petitioner Kenneth Joseph Bauer, TDCJ # 1543842, is a state prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, in Jacksboro, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. PROCEDURAL HISTORY

Bauer is serving a three-year sentence in TDCJ for his 2008 conviction for felony driving while intoxicated in Tarrant County, Texas. (Petition at 2) Pending trial, Bauer was released on pretrial bond. In this petition, he complains the conditions of his pretrial bond violated his constitutional rights. (*Id.* at 7-8) Bauer raised his complaints in a state habeas application, which was denied without written order by the Texas Court of Criminal Appeals. *Ex parte Bauer*, State Habeas Appl. No. WR-41,612-02, at cover.

## D. ISSUES

Bauer's claims are multifarious and, thus, are construed as follows:

(1) The trial court's pretrial bond conditions violated his constitutional right against cruel and unusual punishment.

(2) The trial court's failure to hold a hearing before imposing additional pretrial bond conditions violated his constitutional right to due process.

(3) The trial court's pretrial bond conditions that he submit to weekly urinalysis testing and electronic monitoring violated his constitutional right to privacy and right against unauthorized searches and seizures.

(4) The trial court's treatment of alleged DWI offenders violated his constitutional right to equal protection.

(5) The trial court lacked subject matter jurisdiction to impose additional pretrial bond conditions. (Petition at 7-8 & Memorandum)

## E. RULE 5 STATEMENT

Thaler asserts one or more of Bauer's claims are unexhausted and procedurally barred from the court's review. (Resp't Answer at 4-7) 28 U.S.C. § 2254(b)(1).

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169

F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure in a procedurally proper manner. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Having reviewed the state record of Bauer's applicable state habeas application, it appears Bauer failed to raise and/or sufficiently develop one or more of the claims raised in his federal petition, including claims (4) and (5) enumerated above. Thus, to the extent Bauer failed to raise or sufficiently develop one or more of his claims, including claims (4) and (5), in state court, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated by Bauer, the claims are procedurally barred from this court's review. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Finley v. Johnson*, 243 F.3d 215, 219-20 (5th Cir. 2001).

## F.    DISCUSSION

Thaler asserts that Bauer's remaining claims challenging the conditions of his pretrial bond were rendered moot by his subsequent conviction and that even a favorable decision by the Court would not entitle him to relief. *See Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982). Moreover,

Thaler asserts claims related to pretrial bonds do not have collateral consequences and, once Bauer was convicted, his claims were no linger "live." (Resp't Answer at 10-11)  *Id.* at 484.

Federal courts have jurisdiction over actual "cases and controversies." U.S. CONST. art. III; *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 396 (1980). A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome of the proceedings. *Geraghty,* 445 U.S. at 395-97; *Rocky v. King,* 900 F.2d 864, 866 (5th Cir. 1990). Thus, a habeas case challenging pretrial bond conditions is rendered moot once the petitioner has been convicted on the underlying criminal charges. *See Fassler v. United States,* 858 F.2d 1016, 1018 (5th Cir. 1988) (holding subsequent conviction rendered pretrial bond determination moot); *United States v. O'Shaughnessy*, 772 F.2d 112, 113 (5th Cir. 1985) (op. on reh'g) (same). *See also Yohey v. Collins,* 985 F.2d 222, 227-28 (5th Cir. 1993) (holding subsequent conviction rendered habeas claims arising out of pretrial detention moot). As a result, Bauer can no longer attack the constitutionality of the imposed conditions of his pretrial bond.

## II.  RECOMMENDATION

It is recommended Bauer's petition for writ of habeas corpus be denied as moot. All pending motions not previously ruled upon, including Bauer's motion for appointment of counsel (docket entry #17), are denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

4

Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 20, 2009. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until November 20, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 30, 2009.

                                                /s/   Charles Bleil
                                                CHARLES BLEIL
                                                UNITED STATES MAGISTRATE JUDGE