IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 19 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| KENNETH JOSEPH BAUER, § | |
| § | |
| Applicant, § | |
| § | |
| VS. § | NO. 4:09-CV-311-A |
| § | |
| § | |
| RICK THALER, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

### O R D E R

Came on for consideration the above-captioned action wherein Kenneth Joseph Bauer ("Bauer") is applicant and Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent.[1] This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On October 30, 2009, the United States Magistrate Judge issued his proposed findings, conclusions, and a recommendation ("FC&R"), and ordered that the parties file objections, if any, thereto by November 20, 2009. Bauer timely filed his written objections, and respondent has not made any further response. In accordance

---

[1] The title of the document filed by Kenneth Joseph Bauer ("Bauer") was "Petition for Writ of Habeas Corpus by a Person in State Custody," and he referred to himself as "petitioner" in the document. Consistent with the wording of 28 U.S.C. § 2254, the court is referring to the document filed as an "application" and is referring to Bauer as "Bauer" or "applicant."

with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings or recommendations to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980). The court is not addressing any nonspecific objections or any frivolous or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

As characterized by the magistrate judge, Bauer raises the following five claims: (1) trial court's pretrial bond conditions violated his constitutional right against cruel and unusual punishment; (2) trial court's failure to hold a hearing before imposing additional pretrial bond conditions violated his constitutional right to due process; (3) trial court's pretrial bond conditions that he submit to weekly urinalysis testing and electronic monitoring violated his constitutional right to privacy and right against unauthorized searches and seizures; (4) trial court's treatment of alleged DWI offenders when setting conditions of pretrial bond violated his constitutional right to equal protection; and (5) trial court lacked subject matter jurisdiction to impose additional pretrial bond conditions.

The magistrate judge recommended that claims four and five be dismissed for failure to exhaust administrative remedies. In

his objections Bauer argues that he did, in fact, raise these claims in his state application for habeas relief. A review of the state application confirms that Bauer raised claim number four, equal protection, in his state court application for habeas corpus, but did not raise claim number five. The court accepts the magistrate judge's recommendation to dismiss claim number five for failure to exhaust administrative remedies. Although the court concludes that Bauer exhausted his administrative remedies as to his equal protection claim, that claim fails for the same reasons as claims one through three, discussed below.

The magistrate judge recommended that Bauer's remaining claims be denied, as his claims regarding pretrial bond were rendered moot by his subsequent conviction. <u>Murphy v. Hunt</u>, 455 U.S. 478, 481-82 (1982). Bauer objects that he was not really challenging conditions of bond, but rather was raising concerns about fundamental fairness and due process.[2] However Bauer now

---

[2] Bauer appears to contend that he is entitled to a credit of approximately 279 days towards his sentence, which is the total amount of time he was released on bond under what he characterizes as "unreasonable and unnecessary" conditions. According to Bauer's state application for writ of habeas corpus, he was arrested and detained from December 17, 2007 through December 19, 2007, at which time he was released on bond. On or about January 7, 2008, the court imposed the additional conditions of bond which form the basis of the instant application for habeas relief. Bauer remained free on bond until October 17, 2008, at which time the state court increased his bond and, unable to secure the additional funds, Bauer was again placed under arrest. According to the "Judgment of Conviction by Court-- Waiver of Jury Trial" submitted by Bauer with his state habeas application, he received credit for time incarcerated upon his initial arrest from December 17, 2007 to December 19, 2007, and from the time his bond was revoked on October 17, 2008 through the date of his plea agreement on December 1, 2008. <u>See</u> State Application for Writ of Habeas Corpus, Case Number WR-41,612-02, at 66. This is all the time credit to which Bauer is entitled, as he is not entitled to credit towards his sentence for time he was released on bond. <u>See</u> <u>Everett v. Hargett</u>, 1995 WL 295925 at *2 (5th Cir. April 25, 1995); <u>Ex parte</u>

attempts to characterize his claims, a review of the application shows that the issues raised pertain to pretrial bond. As explained in detail in the FC&R, Bauer's subsequent conviction has rendered those claims moot.

For the reasons discussed herein, the court accepts the recommendation of the magistrate judge.

Therefore,

The court ORDERS that the application of Bauer for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as Bauer has not made a substantial showing of the denial of a constitutional right.

SIGNED January 19, 2010.

_____
JOHN McBRYDE
United States District Judge

---

Allen, 548 S.W.2d 905, 907 (Tex. Cr. App. 1977).